923 F.2d 868
 37 Cont.Cas.Fed. (CCH) 76,030
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WIGGINS PLUMBING AND HEATING CO., INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1243.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1990.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and MARKEY, Circuit Judge.
 DECISION
 BALDWIN, Senior Circuit Judge.
 
 
 1
 Wiggins Plumbing and Heating Co., Inc. (Wiggins) appeals the decision of the Veteran's Administration Board of Contract Appeals (VABCA), No. VABCA-2937, dated November 9, 1989, denying Wiggins' appeal of the Contracting Officer's (CO) denial of an equitable adjustment to its contract, No. 679-86-104, for construction of an air conditioning system at the VA Medical Center in Tuscaloosa, Alabama. We affirm.
 
 OPINION
 
 2
 Wiggins entered into a contract with the VA to furnish labor, material, equipment and supervision for the replacement of air conditioning controls at a VA medical center. During the same period, Wiggins was completing two other contracts in buildings on the same site. Unlike these contracts which permitted "phased" work[1], the air conditioning contract made no specific provision for its use.
 
 
 3
 Wiggins raises two issues on appeal. First, Wiggins argues the Board erred in determining that the contract required that all submittals be approved by the VA before any work on the project could begin. Second, Wiggins argues that the Board erred in finding that the VA did not unnecessarily delay in granting the necessary approvals. Wiggins contends that it is entitled to an equitable adjustment of the contract to cover the administrative costs of the delay either because the VA did not permit "phased" work under the contract or because the VA unnecessarily delayed its approval of the Wiggins' submittals.
 
 
 4
 The Board held that the plain language of the contract clearly required approval of all submittals before the work could begin. Wiggins argues however that the plain language of the contract must be read in conjunction with the prior VA-Wiggins contracts to permit "phased" work. The Board correctly determined that, because the two previous contracts made specific reference to "phased" work and the present one did not, Wiggins had no prior course of dealing upon which to base its reliance on a "phased" work approach pursuant to the air conditioning contract.
 
 
 5
 Although a Board's conclusions of law are freely reviewable by this court, Systems Technology Assocs. v. United States, 699 F.2d 1383, 1386 (Fed.Cir.1983), "[the] Board's interpretation of a contract will be given careful consideration and accorded great respect." Fortec Constructors v. United States, 760 F.2d 1288, 1291 (Fed.Cir.1985). We agree with the Board's analysis and hold that the contract is not ambiguous. We also hold that plain language of the contract required all submittals for the project be submitted and approved before any work was to commence.
 
 
 6
 Wiggins' alternative argument is that the Board's findings of fact, particularly the finding that the VA did not unreasonably delay its approval of the Wiggins' submittals, are not supported by substantial evidence. We may not set aside the Board's decision on any question of fact unless it is arbitrary, capricious, or unsupported by substantial evidence. 41 U.S.C. Sec. 609(b) (1987).
 
 
 7
 The air conditioning contract was a complex one involving, among other things, the installation of computer controls by a Wiggins subcontractor, Johnson Controls. The record establishes that the VA rejected Wiggins' initial submittal, as well as a number of revisions, because all were deficient in several respects. The most significant deficiency was the absence of data on the installation of the computer controls by the subcontractor, Johnson Controls. The Board found that the VA was forced to contact Johnson Controls directly in order to acquire the necessary information. In addition, it is clear from the record that despite detailed instructions from the VA to assist Wiggins complying with the contract provisions, Wiggins failed repeatedly to deliver complete submittals in a timely manner.
 
 
 8
 Based on the record, we conclude that the Board's factual findings are based on substantial evidence. Additionally, there is nothing in the record to suggest that the Board's decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith.
 
 
 
 [1]
 "Phased" work involves incremental portions of the complete project, each portion requiring a submittal and approval before work commences on that portion